UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN WALKER (#110316)** | **CIVIL ACTION** |
| **VERSUS** | |
| **MAJOR OUBRE, ET AL.** | **NO. 10-0693-JJB-CN** |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, April 13, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CALVIN WALKER (#110316)**                                     **CIVIL ACTION**

**VERSUS**

**MAJOR OUBRE, ET AL.**                                          **NO. 10-0693-JJB-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

   This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 8. This motion is opposed.

   The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Major Chad Oubre, Capt. Charles Westbrook and Sgt. Randall Stead, complaining that his constitutional rights were violated on February 7, 2010, when the defendants sprayed a chemical agent into the plaintiff's cell without justification, notwithstanding that the plaintiff suffers with mental infirmities.

   Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S.

89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In the instant motion, the defendants seek dismissal of the plaintiff's claim for monetary damages asserted against them in their

official capacities.  Although the defendants correctly point out that the plaintiff's Complaint is unclear as to whether he has named the defendants in their individual and/or official capacity, this Court, in light of the liberality accorded to the pleadings of pro se petitioners, <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), interprets the plaintiff's allegations as asserting a claim against the defendants in both capacities.  Notwithstanding, § 1983 does not provide a federal forum for a litigant who seeks recovery of monetary damages against either a State or its officials acting in their official capacities, which officials are not seen to be "persons" under § 1983. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Thus, it is clear that the plaintiff fails to state a claim for monetary damages under § 1983 against the defendants in their official capacities, and the defendants' motion should be granted in this regard.[1]

RECOMMENDATION

It is recommended that the defendants' Motion to Dismiss, rec.doc.no. 8, be granted, dismissing the plaintiff's claims for monetary damages asserted against them in their official capacities, and that this

---

[1] In contrast, a suit against a state official in his individual or personal capacity, seeking to impose <u>individual</u> liability upon a government official for actions taken by the official under color of state law, is not treated as a suit against the state. <u>Hafer v. Melo</u>, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  Thus, a showing by the plaintiff that a defendant state official, acting individually and under color of state law, has caused the deprivation of the plaintiff's federal rights, is enough to establish personal liability in a § 1983 lawsuit. <u>Id.</u> Further, a state official in his or her official capacity, when sued for <u>declaratory</u> or <u>injunctive</u> relief, is not a prohibited defendant because official capacity actions for prospective relief are not treated as actions against the state. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). <u>See also</u> 15 Am.Jur.2d Civil Rights § 101.

action be referred back for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, April 13, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**